# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ISAAC MACIAS CORONADO, | Case No. 1:04-cv-06012-AWI-SAB-HC |
|---|---|
| Petitioner, | ORDER GRANTING IN PART PETITIONER'S MOTION FOR COPIES |
| v. | |
| M. YARBOROUGH, | ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT |
| Respondent. | (ECF No. 30) |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2008,[1] the Court denied the petition and entered judgment. (ECF Nos. 28, 29). On August 19, 2019, the Court received the instant motion for copies and motion for relief from judgment. (ECF No. 30).

**I.**

**DISCUSSION**

**A. Motion for Copies**

Petitioner requests copies of his petition, the response, and "all paperwork pertain[ing] to this claim." (ECF No. 30). The Court notes that because the instant case commenced fourteen years ago and was closed eleven years ago, some of the documents, such as his petition, are not currently available. Accordingly, the Court will grant the motion for copies in part and provide

---

[1] The order was signed on March 29, 2008 and entered on the docket on March 31, 2008. (ECF No. 28).

1

Petitioner with copies of the docket sheet, the answer, supplemental points and authorities, the traverse, the findings and recommendation, and the order adopting the findings and recommendation. (ECF Nos. 15, 19, 22, 27, 28).

Petitioner is advised, however, that the Court will not grant any further requests for copies of pleadings or other documents in the Court's file. Should Petitioner need copies of documents filed in this case, he is advised that the Schedule of Fees for the U.S. District Court for the Eastern District of California requires a prepayment of fifty cents a page for documents in the Court's file. Plaintiff may file a request with the Clerk's Office to advise him of the number of pages of any documents he needs, but will not provide copies without prepayment of fees.[2]

## B. Motion for Relief from Judgment

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner filed the instant motion for relief from judgment more than eleven years after judgment was entered, and thus, relief is not available pursuant to Rule 60(b)(1)–(3). Petitioner requests relief from judgment because in 2008, when the judgment was entered, Petitioner was

---

[2] The Court notes that Petitioner did not proceed *in forma pauperis* in the instant matter.

2

not well, spent fifteen months in the critical psych unit, and was not allowed to go to the law library. (ECF No. 30). As the reasons set forth in Rule 60(b)(4)–(5) are not implicated, the Court will address whether Petitioner is entitled to relief under Rule 60(b)(6).

"A motion for relief under Rule 60(b)(6) must be made within a reasonable time, Fed. R. Civ. P. 60(c)(1), and relief may only be granted where the petitioner has diligently pursued review of his claims." Foley v. Biter, 793 F.3d 998, 1003–04 (9th Cir. 2015) (citing Gonzalez v. Crosby, 545 U.S. 524, 537 (2005); Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).")). "What constitutes a reasonable time depends on the facts of each case." Foley, 793 F.3d at 1004 (internal quotation marks omitted) (quoting In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989)).

Petitioner asserts that in 2008, when the judgment was entered, he was in the critical psych unit without access to the law library. Petitioner alleges that he spent fifteen months in the critical psych unit. However, the instant motion for relief from judgment was filed more than eleven years after entry of judgment. Petitioner does not provide the Court with any explanation as to why it took approximately ten years after Petitioner was released from the critical psych unit for Petitioner to take any action in this matter. Accordingly, the Court finds that Petitioner is not entitled to relief under Rule 60(b)(6).

**C. Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In United States v. Winkles, 795 F.3d 1134 (9th Cir. 2015), the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d at 1142. If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a

valid claim of the denial of a constitutional right." Winkles, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," id. at 1141 (citations omitted), the Court applies the standard set forth in Winkles to determine whether a certificate of appealability should issue regarding the denial of Petitioner's Rule 60(b) motion for relief from judgment arising out of the denial of his § 2254 petition. See Payton v. Davis, 906 F.3d 812, 818 n.8 (9th Cir. 2018) (recognizing that the analysis in Winkles applies to a motion for relief from judgment arising from the denial of a § 2254 petition).

Here, the Court finds that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 60(b) motion for relief from judgment. As both prongs of the standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not entitled to a certificate of appealability under Winkles.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for copies (ECF No. 30) is GRANTED IN PART;
2. The Clerk's Office is DIRECTED to mail copy of the docket sheet and copies of the answer, supplemental points and authorities, the traverse, the findings and recommendation, and the order adopting the findings and recommendation (ECF Nos. 15, 19, 22, 27, 28) to Petitioner;
3. Petitioner's motion for relief from judgment (ECF No. 30) is DENIED; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 21, 2019                    _____
                                              SENIOR DISTRICT JUDGE

4