## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MACIAS CORONADO,<br><br>Petitioner,<br><br>v.<br><br>M. YARBOROUGH,<br><br>Respondent. | Case No. 1:04-cv-06012-AWI-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT TO REFILE MOTION FOR APPOINTMENT OF COUNSEL AS NOTICE OF APPEAL<br><br>(ECF No. 32) |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2008, the Court denied the petition and entered judgment. (ECF Nos. 28, 29). On November 21, 2019, the Court denied Petitioner's motion for relief from judgment and declined to issue a certificate of appealability. (ECF No. 31).

On January 27, 2020, the Court received the instant motion for appointment of counsel. (ECF No. 32). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

1

pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because of his mental condition, his lack of access to relevant documents, limited access to the law library, and his lack of education regarding the law. However, the Court does not find that appointment of counsel is appropriate. First, Petitioner does not adequately address the rationale for denying either his habeas corpus petition or his motion for relief from judgment. Second, and relatedly, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Third, the Court cannot find that petitioner is unable to articulate his claims.

In addition to requesting appointment of counsel, Petitioner also states in the motion that he "want[s] certificate to appeal." (ECF No. 32 at 3). In the November 21, 2019 order denying relief from judgment, the Court found that "jurists of reason would not find it debatable whether the Court abused its discretion in denying the Ruble 60(b) motion for relief from judgment" and declined to issue a certificate of appealability. (ECF No. 31 at 4). Although Petitioner provides documents and new, more expansive allegations in support of his claim that his mental condition prevented him from seeking review of his claims,[1] the Court finds that jurists of reason would not find it debatable whether: (1) the Court abused its discretion in denying the Ruble 60(b) motion for relief from judgment and (2) the underlying § 2254 petition states a valid claim of the denial of a constitutional right. <u>See</u> <u>Payton v. Davis</u>, 906 F.3d 812, 818 n.8 (9th Cir. 2018); <u>United States v. Winkles</u>, 795 F.3d 1134, 1143 (9th Cir. 2015). Accordingly, the Court declines to issue a certificate of appealability.

---

[1] The court denied the petition and entered judgment on March 31, 2008. (ECF Nos. 28, 29). More than eleven years later, Petitioner filed the motion for relief from judgment on August 19, 2019. (ECF No. 30). Petitioner references being in the critical psych unit for fifteen to eighteen months at the time the judgment was entered in 2008, attempting suicide on October 25, 2012, and banging his head over sixty times on March 14, 2018. (ECF No. 32 at 2). Attached to the motion is a mental health evaluation, dated April 15, 2016, which shows Petitioner's diagnosis of schizophrenia and borderline personality disorder. (ECF No. 32 at 14). Despite Petitioner's diagnosis and history of mental health issues, an interdisciplinary progress note, dated April 29, 2016, indicated that Petitioner was "cooperative" and "alert," his thoughts were "linear, logical with modest insight," and that Petitioner had no "difficulties with attention or comprehension with good concentration and organization of thoughts." (ECF No. 32 at 15). Moreover, the dates provided by Petitioner do not adequately account for the eleven year gap between the denial of Petitioner's § 2254 petition and his motion for relief from judgment.

Courts have a duty to construe pro se pleadings and motions liberally. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). In the motion, Petitioner requests that an attorney who specializes in habeas appeals to be appointed and states that he "want[s] certificate to appeal." (ECF No. 32 at 2, 3). Therefore, the Court construes the instant motion for appointment of counsel as a notice of appeal. See Castro v. United States, 540 U.S. 375, 381-82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel is DENIED;
2. The Court DECLINES to issue a certificate of appealability; and
3. The Clerk of the Court is DIRECTED to refile the motion for appointment of counsel (ECF No. 32) as a notice of appeal and to process the appeal to the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: April 30, 2020

SENIOR DISTRICT JUDGE