# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MACIAS CORONADO,<br><br>Petitioner,<br><br>v.<br><br>M. YARBOROUGH,<br><br>Respondent. | Case No. 1:04-cv-06012-AWI-SAB-HC<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 37) |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2008, the Court denied the petition and entered judgment. (ECF Nos. 28, 29). On November 21, 2019, the Court denied Petitioner's motion for relief from judgment and declined to issue a certificate of appealability. (ECF No. 31).

On January 27, 2020, Petitioner filed a motion for appointment of counsel. (ECF No. 32). On May 1, 2020,[1] the Court construed the motion as a notice of appeal and directed the Clerk of Court to process the appeal. (ECF No. 33). On June 4, 2020, Petitioner filed the instant document, which the Court construes as a motion to proceed in forma pauperis and motion to appoint counsel. (ECF No. 37). See Castro v. United States, 540 U.S. 375, 38–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally.").

---

[1] The order was signed on April 30, 2020 and docketed on May 1, 2020. (ECF No. 33).

Federal Rule of Appellate Procedure 24 provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Here, Petitioner has demonstrated his inability to pay. In his notice of appeal and the instant motion, Petitioner claims entitlement to redress and appears to state the issues he seeks to raise on appeal. (ECF Nos. 34, 37). Accordingly, the Court will grant the motion to proceed in forma pauperis on appeal.

Petitioner also moves for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because of his mental condition, his lack of access to relevant documents, and his lack of education regarding the law. Upon review of the motion, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present

time. However, the Court notes that Petitioner may file a motion for appointment of counsel in the United States Court of Appeals for the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is GRANTED; and
2. Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **June 10, 2020**

UNITED STATES MAGISTRATE JUDGE